# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 4:13cr375 |
| | ) | (4:16cv414) |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| EMMETT T. PERKINS, III, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

On February 22, 2016, defendant Emmett T. Perkins, III ("Perkins") filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Doc. No. 34 ["2255 Mot."].) In his motion, Perkins questioned whether his sentence under the United States Sentencing Guidelines remained valid after the ruling in *Johnson v. United States*, --U.S.--, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015). In *Johnson*, the Supreme Court held that the "residual clause" of the Armed Career Criminal Act ("ACCA"), which provided, in relevant part, for a mandatory minimum sentence of 15 years imprisonment for felony offenders with three or more prior convictions for "violent felonies" was unconstitutionally vague under due process principles. *Id.* at 2556-57. In his motion to vacate, Perkins argued that the ruling in *Johnson* should apply with equal force to a similar provision in the Sentencing Guidelines that served as the basis for his base offense level. The government opposed the motion. (Doc. No. 41 ["2255 Mot. Opp'n"]), and Perkins filed a reply. (Doc. No. 44 ["2255 Mot. Reply"].)

On March 13, 2017, Perkins filed a motion to withdraw without prejudice his motion to vacate under § 2255. (Doc. No. 46 ["Mot. Withdraw"].) The motion did not identify the reason

he sought to withdraw. (*See id*. at 283.) The following day (March 14, 2017), the Court granted Perkins' motion to withdraw. (Doc. No. 47 ["Order of Withdrawal"].) While the Court noted that the withdrawal was without prejudice, the Court did not indicate when, if ever, Perkins should re-file his motion or promise Perkins that he would be permitted to re-file at a later date.

Now before the Court is Perkins' motion to reinstate his previously withdrawn motion to vacate his sentence. (Doc. No. 48 ["Mot. Reinstate"].) The government has not filed a response. In connection with his motion to reinstate, Perkins seeks the appointment of counsel. (Doc. No. 49 ["Mot. Counsel"].) In support of his motion to reinstate, Perkins represents that he believes that the Supreme Court's ruling in *Beckles v. United States*, --U.S.--, 137 S. Ct. 886, 197 L. Ed. 2d 145 (2017) may have had no bearing on his previously withdrawn motion to vacate. (Mot. Reinstate at 286.)

As an initial matter, the Court denies Perkins' motion to reinstate as untimely. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") took effect on April 24, 1996, and governs this Court's analysis of Perkins's motion. The AEDPA amended 28 U.S.C. § 2255, which in pertinent part provides that a motion to vacate must be filed within one year from:

> the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . .

§ 2255(f)(1). Perkins filed his original § 2255 motion on February 22, 2016, within one year of the date in which the Supreme Court issued its ruling in *Johnson*. However, his motion to reinstate his § 2255 motion was filed beyond the one-year period. Perkins has failed to demonstrate the availability of statutory or equitable tolling to excuse the untimeliness of his

motion to reinstate, and the Court can conceive of no circumstances under which equitable tolling would be appropriate. *See Chambers v. United States*, 30 F. App'x 346, 348 (6th Cir. 2002) (defendant's motion to re-instate untimely § 2255 motion was properly denied where defendant did not demonstrate exceptional circumstances that would have entitled him to equitable tolling of the statute of limitations).

In any event, reinstatement would be futile. On March 6, 2017, the Supreme Court issued its decision in *Beckles*, distinguishing the ACCA's unconstitutionally vague residual clause from the residual clause in the Sentencing Guidelines. *Beckles*, 137 S. Ct. at 890. Given the discretionary nature of the Sentencing Guidelines, the Court held that the ruling in *Johnson* could not be extended to invalidate sentences under the guidelines and that, therefore, the residual clause of U.S.S.G. § 4B1.2(a) was not void for vagueness. *Id*. This ruling would have foreclosed Perkins' motion under 28 U.S.C. § 2255.

For all of the foregoing reasons, Perkins' motion to reinstate his previously withdrawn motion to vacate (Doc. No. 48) is denied, and his motion for the appointment of counsel (Doc. No. 49) is denied as moot. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: March 29, 2018

HONORABLE SARA LIOI
**UNITED STATES DISTRICT JUDGE**